IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOE MACK BROWN,

        Plaintiff,        Civil No. 04-1064-CO

        v.        FINDINGS AND
                RECOMMENDATION

MAX WILLIAMS, et al.,

        Defendants.

COONEY, Magistrate Judge.

    Plaintiff, an inmate at the Snake River Correctional Institution, filed a complaint under 42 U.S.C. § 1983 and "the Oregon Constitution Art I Sec. 13," alleging violations of his constitutional rights arising out of an incident in the prison laundry room on August 5, 2002. Plaintiff alleges that defendants failed to adequately protect him from an assault by another inmate and subsequently deprived him of his property without due process by imposing a fine and restitution as part

1 - FINDINGS AND RECOMMENDATION

of a disciplinary sanction. Defendants now move for summary judgment (#23).

The relevant facts are as follows: On August 5, 2002, while at his work assignment in the prison laundry, plaintiff was involved with a dispute with an inmate Hafar which culminated with the inmate Hafar striking plaintiff in the face three times. Plaintiff did not strike back at that time. However, a subsequent attempt by inmate Hafar to resolve the problem resulted in plaintiff striking inmate Hafar in the face.[1] Because of his serious injuries, inmate Hafar was transported to Holy Rosary Hospital where he remained for 10 days. After Hafar's return from the hospital he remained in the SRCI infirmary for additional medical care. Hafar's medical care at Holy Rosary Hospital cost the Oregon Department of Corrections $28,926.91.

Plaintiff suffered no reported injuries as a result of his encounter with inmate Hafar.

Plaintiff was subject to a disciplinary proceeding for the assault on inmate Hafar. Hearings Officer Powell determined that plaintiff was unjustified in striking Hafar and imposed a disciplinary fine of $50.00, forty-two in Disciplinary Segregation and 28 days loss of privileges. Powell also ordered plaintiff to pay one-half of the Holy

---

[1] Plaintiff acknowledged striking inmate Hafar "one time."

2 - FINDINGS AND RECOMMENDATION

Rosary Hospital bill as restitution.

Plaintiff alleges that defendant Buhlinger failed to have adequate corrections staff in the laundry room which resulted in plaintiff being assaulted by inmate Hafar which violated plaintiff's Eighth Amendment rights. Plaintiff alleges that the imposition of restitution violated his due process rights and constituted cruel and unusual punishment because it was "excessive." Plaintiff seeks "compensatory" and punitive damages and a "permanent injunction on restitution."

Although named as defendants in the caption of plaintiff's complaint, plaintiff's complaint is devoid of any factual allegation concerning defendants Williams, Hill, Regan, Hunter and Foland. General allegations are insufficient to state a claim against a defendant. The absence of any factual allegations against a named defendant will entitle that defendant to have the complaint dismissed as to him, pursuant to Fed. R. Civ. P. 12(b). Polk v. Montgomery County, 548 F. Supp. 613, 614 (D.Md. 1982). See also, Morabito v. Blum, 528 F.Supp. 252, 262 (S.D. N.Y. 1981). Although pro se complaints are to be interpreted liberally, Haines v. Kerner, 92 S.Ct. 594 (1972), the court may not supply essential elements that are not pleaded. Ivey v. Board of Regents, 673 F.2d 266 (9th Cir. 1982).

Defendant Williams is the Director of the Oregon

Department of Corrections; defendant Hill is the Superintendent of the Snake River Correctional Institution; defendant Reagen is employed by Oregon Corrections Enterprises (OCE) as a Manager at SRCI; defendant Hunter is employed by OCE as Laundry Manager at SRCI; defendant Foland is employed by OCE as Property Specialist 3 in the SRCI laundry. Plaintiff apparently seeks to hold these defendants liable in their supervisory capacities.

It is well settled that <u>respondeat superior</u> is not a proper basis for liability under 42 U.S.C. § 1983. <u>Monell v. Dept. of Social Services of City of New York</u>, 436 U.S. 658, 691-694 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362, 375-76 (1976); <u>King v. Atiyeh</u>, 814 F.2d 565, 568 (9th Cir. 1987). Absent an allegation that the named state officials were personally involved in the alleged deprivation of constitutional rights, a complaint under 42 U.S.C. § 1983 does not state a claim. <u>See</u>, <u>Boddie v. Coughlin</u>, 583 F. Supp. 352, 356 (S.D.N.Y. 1984); <u>Tunnell v. Office of Public Defender</u>, 583 F. Supp. 762, 767 (E.D. Pa. 1984); <u>Black v. Delbello</u>, 575 F. Supp. 28, 30 (S.D.N.Y. 1983); <u>Knipp v. Winkle</u>, 405 F. Supp. 782, 783 (N.D. Ohio 1974). A supervisor may be liable based on his or her personal involvement in the alleged deprivation, or if there is a sufficient causal connection between the supervisor's alleged wrongful conduct and the alleged deprivation, <u>Hansen

v. Black, 885 F.2d 642, 646 (9th Cir. 1989), but a "supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989), citing Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984). See also, Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (supervisory liability only when a) actual or constructive knowledge of a pervasive and unreasonable risk of injury; b) deliberate indifference to or tacit authorization of the practice; and c) an affirmative causal link between inaction and the injury). Supervisory officials may also be liable if they "implement a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Redman v. County of San Diego, 924 F.2d 1435, 1446 (9th Cir. 1991), cert. denied, 112 S. Ct. 972 (1992) (quoting Hansen v. Black, supra, 885 F.2d at 646, in turn quoting Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987).

Plaintiff has not alleged any facts that support a cause of action against defendants Williams, Hill, Reagan, Hunter or Foland based on their conduct as supervisors or any personal involvement by these defendants in the matters giving rise to

plaintiff's claims. Accordingly, these defendants are entitled to judgment as a matter of law.

Failure to protect: Defendant Buhlinger is the correctional officer on duty in the SRCI laundry at the time plaintiff was assaulted by inmate Hafar. Plaintiff's allegations can be construed as a claim that defendant Buhlinger failed to adequately protect him from the assault.

An inmate has the right to be incarcerated in a reasonably safe environment. However,, it is also well recognized that prison officials cannot entirely eradicate prison violence. See, Hoptowit v. Ray, 682 F.2d 1237 (9th Cir. 1982). If prison officials take reasonable steps to protect inmates and cannot be shown to be deliberately indifferent to violent attacks, no constitutional violation can be found. Id. In other words, defendants do not have a duty to protect plaintiff absolutely while he is in prison. See, See, Walker v. United States, 437 F. Supp. 1081 (D. Or. 1977).

An officer can be held liable for failure to protect an inmate only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Farmer v. Brennan, 511 U.S. 825, 847 (1994); Estelle v. Gamble, 429 U.S. 97 (1976); See also, Davidson v. Cannon, 474 U.S. 344 (1986). More than an isolated incident of negligent failure to protect must be

alleged in order to be actionable. <u>Williams v. Field</u>, 416 F.2d 483 (9th Cir. 1969).

In this case, plaintiff has alleged nothing more than a single, isolated incident of violence. He has not established that defendant Buhlinger had any prior knowledge of a threat to plaintiff or was deliberately indifferent to such a threat.

In addition, courts have traditionally imposed a requirement of injury on constitutional claims. In 1996, Congress imposed a statutory injury requirement when it enacted the Prison Litigation reform Act, 42 U.S.C. § 1997e(e). Pursuant to the PLRA, a plaintiff must suffer a physical injury in order to recover damages. Section 803 provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

The Eighth Amendment proscribes cruel and unusual punishments or punishments that involve the "unnecessary and wanton infliction of pain." <u>Rhoads v. Chapman</u>, 452 U.S. 337, 347 (1981); <u>Gregg v. Georgia</u>, 428 U.S. 152, 173 (1976). Although it is not necessarily dispositive, the absence of a serious physical injury is relevant to an Eight Amendment claim. <u>Hudson v. McMillian</u>, 503 U.S. 1 (1992). Absent the most extraordinary circumstances, a plaintiff cannot prevail

on an Eighth Amendment claim if his injury is *de minimus*. Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994).

In this case, it is undisputed that inmate Hafar struck plaintiff in the face three times. However, it is also undisputed that plaintiff "walked away from Hafar into the laundry sorting room," and continued doing the laundry. Plaintiff did not request medical assistance or report any injuries as a result of being struck by inmate Hafar. It is reasonable to conclude from the record before the court that plaintiff's injuries were *de minimus*.

Based on the foregoing, I find that defendant Buhlinger is entitled to judgment as a matter of law because plaintiff has not established that he deliberately disregarded a potential risk of harm to plaintiff and because plaintiff's injuries were *de minimus*.

<u>Due Process claim:</u> Plaintiff alleges that he was denied of his property without due process of law as a result of the imposition of the "excessive" restitution. He also claims that the restitution requirement constitutes cruel and unusual punishment.[2]

Due process requirements for an inmate at a disciplinary

---

[2]Plaintiff does not challenge the imposition of 42 days in segregation and 28 days loss of privileges. In any event, he has no liberty interest arising out of such sanction. See, Sandin v. Connor, 515 U.S. 472, 484 (1995).

hearing were established in <u>Wolff v. McDonnell</u>, 418 U.S. 539, 560 (1979) as follows. The inmate must (1) have an opportunity to appear before the decision making body, (2) have staff representation if he wishes, (3) have written notice of the charge against him in advance of the hearing;, (4) have conditional opportunity to present witnesses and documentary evidence, and (5) have a written statement of the evidence relied upon and the reasons for the sanction taken. <u>Wolff v. McDonnell</u>, <u>supra</u> at 563-73; <u>see also</u>, <u>Meachum v. Fano</u>, 427 U.S. 215 (1976) <u>Sandin v. Conner</u>, <u>supra</u>, and 28 CFR 541.15 (a) - (c). Judicial review of a prison disciplinary action is limited to whether the requirements set forth in <u>Wolff v. McDonnell</u> were met and whether there is "some" evidence to support the finding. <u>Superintendent v. Hill</u>, 472 U.S. 445. 454 (1985).

In this case, petitioner has not alleged any specific due process violation and the record reflects that plaintiff was afforded the procedural guarantees set forth in <u>Wolff</u>. Moreover, defendant Buhlinger is the only remaining defendant in this case. Defendant Buhlinger's role in the disciplinary hearing was limited to providing evidence to Officer Powell who made the determination to impose restitution. Therefore, defendant Buhlinger cannot be held liable for allegedly violating plaintiff's due process rights. Officer Powell is

not a defendant in this action.

Plaintiff's claim that the fine and restitution constituted cruel and unusual punishment is not cognizable under the Eighth Amendment which, as discussed above, concerns the wanton or unnecessary infliction of "pain."

I find that the imposition of one-half of inmate Hafar's medical expenses as restitution was entirely reasonable under the circumstances of this case and was not cruel or unusual.

Plaintiff generally alleges that "defendants'" conduct violated his right to equal protection of the laws. However, no racial based or discriminatory animus is alleged or apparent from the record before the court. Therefore, plaintiff's "equal protection" allegation fails to state a claim. See, Monteiro v. Tempe Union Highschool Dist., 158 F.3d 1022 (9th Cir. 1998).

Injunctive relief: Plaintiff apparently seeks to enjoin the imposition of the restitution imposed as part of his disciplinary sanction. In order to establish entitlement to injunctive relief a plaintiff must demonstrate a very significant possibility of a real and immediate harm or injury will occur. Los Angeles v. Lyons, 461 U.S. 95 (1983); Nelsen v. King County, 895 F.2d 1248 (9th Cir. 1990).

Undoubtedly a $14,463.45 lien on the account of an indigent inmate can be viewed as extremely inconvenient or

detrimental to the inmate, but it does not constitute an "injury" or "damage" to plaintiff and does not violate his constitutional rights.

Oregon Constitutional claim: To the extent that plaintiff alleges a claim under the Oregon Constitution, his claim should be dismissed without prejudice. See, 28 U.S.C. §1367(c)(3). There are no extraordinary circumstances to justify this court's retention of such a claim. See, Wren v. Sletten Const. Co, 654 F.2d 529, 536 (9th Cir. 1981); Schneider v. TRW, Inc., 938 F.2d 986 (9th Cir. 1991) [dismissal of supplemental claim fully discretionary with district court].

Based on all of the foregoing, defendants' Motion for Summary Judgment (#22) should be allowed as to plaintiff's federal claims. Plaintiff's state law claim, if any, should be dismissed without prejudice. This action should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten

(10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 6 day of May, 2005.

John P. Cooney
United States Magistrate Judge